## D. V. KING v. THE STATE.

No. 16733.   Delivered April 18, 1934.
Rehearing Denied May 16, 1934.

The opinion states the case.

*Garland Armstrong,* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for failure to stop and render aid; punishment, two years in the penitentiary.

There are no facts or bills of exception in the record. All matters of procedure appear regular, save that in entering sentence no note was taken of the indeterminate sentence law. The penalty in connection with this offense is confinement in the penitentiary for some period of years not exceeding five. Appellant was sentenced to confinement in the penitentiary for not less than two nor more than two years. The sentence will be reformed so as to direct appellant's confinement in the penitentiary for some period of time not exceeding two years. As reformed, the judgment will be affirmed.

*Judgment reformed, and, as reformed, affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—As stated in our original opinion the

punishment assessed against appellant was imprisonment in the penitentiary for two years. In the motion for rehearing our attention is called to the fact that as the court's instruction to the jury appears in the transcript it in one place tells them the punishment for the offense of which appellant was charged was imprisonment in the penitentiary for any period of time not to exceed five years, or imprisonment in the county jail for any time not to exceed one year, or by fine in any sum not to exceed five thousand dollars, or by such fine and imprisonment in the county jail, but that in making application of the law to the facts the court told the jury, if they found appellant guilty should assess his punishment at imprisonment in the penitentiary for any period of time not to exceed *one* year, etc. A corrected transcript now on file with this court shows that a mistake was made by the clerk in preparing the original transcript and that the jury was in fact correctly advised as to the penalty.

Appellant's motion for rehearing is overruled.

*Overruled.*